1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JENNIFER ALLAN,                    )
                                        )     NO. CV S-01-2231 GEB GGH
12                     Plaintiff,       )
                                        )
13          v.                          )
                                        )     ORDER
14   CITY OF MARYSVILLE, et al.,        )
                                        )
15                     Defendants.      )
     _____)

16

17          On June 16, 2005, Defendants City of Marysville, Michael E.

18   Boyd, Leonard H. Cummings, Chris S. Sachs, Michael Stout, Curt Snyder,

19   and Gary P. Cummings (collectively referenced as "Defendants") filed

20   an application for reconsideration of the Order filed June 13, 2005,

21   which denied their motions for attorney's fees and for excess fees and

22   costs.

23          Defendants argue that clear error was committed in the June

24   13 Order since the Order failed to separately rule on each Defendant's

25   request for attorney's fees, and did not show recognition of defense

26   counsel's isolated work involved with defending 14 separate parties.

27   Defendants' request for reconsideration is granted.

28

                                     1

1    "A defendant may recover § 1988 attorney fees only if 'the

2  plaintiff's action was frivolous, unreasonable, or without foundation,

3  even though not brought in subjective bad faith.'"  <u>Saman v. Robbins</u>,

4  173 F.3d 1150, 1157 (9th Cir. 1999) (citation omitted).  The isolated

5  work involved with Defendants' respective motions is addressed below

6  in the same alphabetical order that the work is discussed in the

7  declaration of defense counsel Franklin G. Gumpert.  (<u>See</u> Decl. of

8  Franklin G. Gumpert, at 7-9.)

9    (A)  This portion of the motion is denied.  This claim was

10  not frivolous since it was supported by Plaintiff's medical expert.

11    (B)  This portion of the motion is granted since Gary

12  Cummings should not have been included as a Defendant.[1]

13    (C)  This portion of the motion is granted since the City of

14  Marysville and Michael Boyd should not have been included as

15  Defendants.

16    (D)  This portion of the motion is denied.  Even though

17  Plaintiff did not prevail against Defendant Chris Sachs at trial, in

18  light of Plaintiff's theory of liability and the factual contentions

19  she proffered, her claim against Sachs was not so totally devoid of

20  merit that it could be termed frivolous, unreasonable, or without

21  foundation.

22    (E)  This portion of the motion is denied for the reason

23  stated above in Section D.

24

25

26

     [1]    Although the billing entries constitute block billing, which

27  creates an impediment to the analysis of the reasonableness of the
billing entries, sufficient information is provided.  <u>Fischer v. SJB-P.

28  D., Inc.</u>, 214 F.3d 1115, 1121 (9th Cir. 2000) (finding sufficient a
summary of the time spent on a broad category of tasks).

1      (F)   This portion of the motion is denied for the reason

2   stated above in Section D.

3      (G)   This portion of the motion is granted since those

4   claims should not have been pursued.

5      (H)   This portion of the motion is granted for the reason

6   stated above in Section G.

7      (I)   This portion of the motion is granted for the reason

8   stated above in Section G.

9      (J)   This portion of the motion is granted for the reason

10  stated above in Section G.

11     (K)   This portion of the motion is granted since that claim

12  should not have been pursued.

13     (L)   This portion of the motion is denied since it is

14  unclear why the stated amount of time was expended on the referenced

15  tasks.  The trial court need not accept "uncritically" defense

16  counsel's "representation concerning the time expended."  Frank Music

17  Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir.

18  1989).

19     (M)   This portion of the motion is denied since it is

20  unclear why it took defense counsel 20.3 hours to do the referenced

21  tasks.

22     (N)   This portion of the motion is granted in part.  This

23  portion of the motion appears to request fees for preparing the

24  motion, even though a substantial portion of the motion seeks

25  sanctions against Plaintiff which will not be imposed.  Since

26  Defendants are not prevailing parties on the sanctions request, the

27  amount of fees requested in this portion of the motion is reduced by

28

1  $2,000.00, which is assumed to eliminate the sanctions portion of the

2  motion from the fee request.

3          Defendants also argue they are entitled to excess fees and

4  costs under 28 U.S.C. § 1927.  (Defs.' Mot. for Att'ys Fees and for

5  Excessive Fees and Costs at 19.)  However, because Defendants' request

6  for sanctions is denied, Defendants' request for excess fees and costs

7  is also denied.

8          For the stated reasons, Defendants are awarded $31,547.50 in

9  attorney's fees.

10          IT IS SO ORDERED.

11  Dated:  June 22, 2005

12

13                          /s/ Garland E. Burrell, Jr.
                            GARLAND E. BURRELL, JR.
                            United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28